# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| RICHARD S. PAINTER | § | |
| VS. | § | CIVIL ACTION NO. 1:08-CV-152 |
| UNITED STATES ATTORNEY GENERAL | § | |

## MEMORANDUM OPINION

Petitioner Richard S. Painter, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Factual Background

Petitioner contends that the Bureau of Prisons (BOP) has found him ineligible for a one-year sentence reduction for successfully completing a substance abuse treatment program. Petitioner alleges he will be denied early release pursuant to a BOP regulation excluding from consideration drug offenders whose sentences were enhanced two levels for possessing a firearm during the offense.

### The Petition

Petitioner contends that the BOP regulation is invalid because it was not subject to notice and comment, as required by the Administrative Procedures Act (APA).

### Analysis

Title 18 U.S.C. § 3621(e), as amended in 1994, allows the BOP discretion to reduce the sentence of a prisoner convicted of a nonviolent offense upon successful completion of a substance abuse treatment program. *Lopez v. Davis*, 531 U.S. 230, 232 (2001). The sentence of an eligible

prisoner may be reduced by the BOP by up to one year. 18 U.S.C. § 3621(e)(2)(B). The enabling statute gives the BOP considerable discretion to determine which prisoners may participate in the treatment programs, and which prisoners are eligible for sentence reductions. *Venegas v. Henman*, 126 F.3d 760, 762 (5th Cir. 1997).

In 1995, the BOP began to promulgate regulations and policies by which its employees could evaluate inmates' eligibility for the sentence reduction. Giving effect to the statutory language limiting a sentence reduction to prisoners convicted of non-violent offenses, the BOP determined that all inmates currently incarcerated for a "crime of violence" were ineligible for early release. 60 Fed.Reg. 27692, 27695; 28 C.F.R § 550.58. In Program Statement 5162.02, the BOP defined "crime of violence" to include a drug trafficking conviction if the defendant received a two-level sentence enhancement for possessing a dangerous weapon during the offense. *See Venegas*, 126 F.3d at 763. The regulation was revised in 1997, after several Courts of Appeals invalidated the BOP's classification of drug offenses involving possession of a dangerous weapon as a crime of violence. *Lopez*, 531 U.S. at 234-35. Like the 1995 version, the 1997 regulation excludes drug offenders whose offense involved the possession of a dangerous weapon from early release consideration. 62 Fed.Reg. 53690. Rather than classifying such offenses as crimes of violence, the BOP declared that it was exercising its discretion to deny early release to such offenders. *Id.*

Litigation ensued, resulting in a circuit split over the validity of the 1997 regulation. *Lopez*, 531 U.S. at 237-38. In *Lopez v. Davis*, the United States Supreme Court held that the BOP may categorically exclude prisoners from consideration for early release. *Id.* at 244. Further, the Supreme Court held that the regulation excluding drug offenders who possessed dangerous weapons from early release consideration was permissible. *Id.* The Supreme Court explained, "The Bureau

reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.*

In 2000, the BOP adopted the 1997 regulation as a "final rule" after notice and comment.[1] 65 Fed.Reg. 80745.

Petitioner asserts that the BOP improperly relied on 28 C.F.R. § 550.58, which interprets Section 3621, because the BOP did not follow the notice and comment process of the APA in adopting the regulation. This claim lacks merit. The 2000 regulation, at issue here, was subject to notice and comment prior to finalization. *Handley v. Chapman*, 587 F.3d 273, 282 (5th Cir. 2009); *Gatewood v. Outlaw*, 560 F.3d 843, 846 (8th Cir. 2009).

## Conclusion

This petition for writ of habeas corpus should be denied. A final judgment will be entered in accordance with this memorandum opinion.

**SIGNED** this the 7 day of **April, 2010.**

_____
Thad Heartfield
United States District Judge

---

[1] On January 14, 2009, the BOP adopted a new "final rule." 74 Fed.Reg. 1892. The new regulation took effect March 16, 2009, after this petition was filed.